IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

GWENDOLYN D. GLENN,

                     Plaintiff,                    OPINION & ORDER

  v.

                                                16-cv-403-jdp

U.S. BANK,

                     Defendant.

---

      Pro se plaintiff Gwendolyn D. Glenn has filed a complaint against defendant U.S. Bank. This case is nearly identical to a case that plaintiff filed in this court last year. *Glenn v. U.S. Bank*, No. 15-cv-816 (W.D. Wis. filed Dec. 21, 2015) (*Glenn I*). On May 10, 2016, I issued an order in *Glenn I* dismissing plaintiff's complaint because it duplicated a case that was pending in the United States District Court for the Northern District of Texas. Opinion and Order, *Glenn I*, ECF No. 21. It appears that the Texas case has since been dismissed without prejudice; after warning plaintiff that her inactivity and failure to respond to U.S. Bank's motion to dismiss would result in dismissal of her case and ordering her to explain why she had not advanced her case, the Texas court dismissed plaintiff's claims against U.S. Bank without prejudice. *Glenn v. US Bank NA*, No. 15-cv-3762 (N.D. Tex. June 6, 2016).

      Now plaintiff has refiled her claims here. The court granted plaintiff leave to proceed *in forma pauperis*. Dkt. 3. Usually at this point I would screen plaintiff's complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915. But because plaintiff has not alleged sufficient plausible facts for

me to determine whether I have subject matter jurisdiction over her case, I will direct plaintiff to file an amended complaint that establishes jurisdiction.

ALLEGATIONS OF FACT

Plaintiff alleges that U.S. Bank has withheld money from and closed plaintiff's bank accounts without her permission, because the accounts were inactive. Plaintiff indicates that two entities—the YWCA and "Capital View Ter"—are somehow associated with the two accounts and that neither entity informed plaintiff that this would happen. Plaintiff alleges that she put nearly $11 million in one account and $127,000 in the other. Plaintiff asks the court to order U.S. Bank to return the money that is missing from her accounts.

As stated above, this is the second suit that plaintiff has filed against U.S. Bank in this court over the past several months. In the first suit, plaintiff alleged that she had been unable to withdraw more than $64 billion from two accounts that she had with U.S. Bank. Plaintiff's filings indicated that the accounts were somehow affiliated with legal settlements she had received. But supplemental documents that plaintiff filed in that case told a different story. Several years ago, plaintiff received legal settlements from the YWCA in Madison, Wisconsin for $3,500 and from Skyline Point LLC, Advantage Management, and State Automobile Mutual Insurance Company for $1,850, as a result of an accident that occurred near "Capital View Terrace." Supplements to Complaint, *Glenn I*, ECF Nos. 8-10. This information is relevant because plaintiff indicates that the bank accounts at issue in this case are associated with the YWCA and "Capital View Ter."

ANALYSIS

"Federal courts are courts of limited jurisdiction." *Int'l Union of Operating Eng'rs, Local 150 v. Ward*, 563 F.3d 276, 280 (7th Cir. 2009) (citation omitted). Unless the party invoking federal jurisdiction establishes complete diversity of citizenship among the parties and an amount in controversy exceeding $75,000, or raises a federal question, the court must dismiss the case for lack of jurisdiction. *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802 (7th Cir. 2009). Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). The party invoking federal jurisdiction bears the burden of establishing that jurisdiction is proper. *Smart*, 562 F.3d at 802-03.

Here, plaintiff does not raise any federal questions; regardless of whether I characterize plaintiff's claim against U.S. Bank for mishandling her accounts as theft, conversion, fraud, or some type of breach of fiduciary duty, plaintiff brings only state law claims against U.S. Bank. As a result, the only way for plaintiff to invoke federal jurisdiction is to establish diversity jurisdiction pursuant to 28 U.S.C. § 1332. Diversity jurisdiction exists when: (1) the amount in controversy exceeds $75,000; and (2) the parties are citizens of different states.

First, plaintiff undermines her own invocation of federal jurisdiction because she alleges that she and U.S. Bank are both citizens of Wisconsin. If this were indeed the case, I would have to dismiss plaintiff's case for lack of subject matter jurisdiction because the parties would not be diverse. But U.S. Bank appears to be a citizen of Ohio, not Wisconsin. *See U.S. Bank Nat'l Ass'n v. Aragon*, No. 13-cv-7301, 2015 WL 1228978, at *1 (N.D. Ill. Mar. 13, 2015) ("The parties are diverse in citizenship: Plaintiff U.S. Bank National Association is

3

chartered under the laws of Ohio where its headquarters and principal place of business are located.").

But even assuming that the parties are diverse, plaintiff has another problem. To establish federal jurisdiction, plaintiff must plead an amount in controversy that exceeds $75,000. Because plaintiff is invoking this court's jurisdiction, she "has the burden of showing by a preponderance of the evidence facts that suggest the amount-in-controversy requirement is met." *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006). "[A] good-faith estimate of the stakes is acceptable if it is plausible and supported by a preponderance of the evidence." *Id.* Here, plaintiff alleges that over $11 million is at issue in this case. But plaintiff's allegations fall short of plausible, especially in light of the fact that she has previously asked courts for fantastical amounts of money—millions (or even billions) of dollars in some instances—and plaintiff has submitted documents that indicate that the settlements she received were for much less. Plaintiff's allegation that she has received large settlements is implausible in light of the documentation she provided in *Glenn I*.

Without a more robust showing from plaintiff, I cannot determine whether the amount in controversy exceeds $75,000. As a result, I cannot determine whether I can exercise subject matter jurisdiction over plaintiff's case. I will instruct plaintiff to file an amended complaint that contains a good faith, plausible estimate of the amount in controversy supported by at least some evidence. Plaintiff will need to reconcile her allegations with the settlement documents that she has submitted to the court.

ORDER

IT IS ORDERED that:

1. Plaintiff Gwendolyn D. Glenn may have until July 22, 2016, to file an amended complaint containing good faith allegations sufficient to establish subject matter jurisdiction pursuant to 28 U.S.C. § 1332. Specifically, plaintiff must plead a plausible amount in controversy.

2. Failure to timely amend will result in prompt dismissal of this matter for lack of subject matter jurisdiction.

Entered July 8, 2016.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge