IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

GWENDOLYN D. GLENN,

                    Plaintiff,

v.

U.S. BANK,

                    Defendant.

OPINION & ORDER

16-cv-403-jdp

---

Pro se plaintiff Gwendolyn D. Glenn has sued defendant U.S. Bank. On July 8, 2016, I issued an order directing Glenn to file an amended complaint that clarified the amount in controversy. Dkt. 4. But instead of filing an amended complaint in this case, Glenn filed another lawsuit against U.S. Bank. *Glenn v. U.S. Bank*, No. 16-cv-509 (W.D. Wis. filed July 18, 2016). To better understand Glenn's complaints, and to determine the best way to manage these apparently redundant cases, I held a *Spears* hearing on August 3, 2016. Dkt. 5 and Dkt. 8.

At the hearing, Glenn made it clear that the second lawsuit, No. 16-cv-509, was the same as the first, and I administratively closed that case as redundant. Glenn also clarified her allegations at the hearing: U.S. Bank has withheld money from and closed Glenn's bank accounts without her permission. Glenn explained that she received approximately $16 million in settlement proceeds that she had deposited with U.S. Bank and that she does not know what happened to that money or how to access it. I granted Glenn leave to proceed against U.S. Bank on her claim for mishandling her accounts. Dkt. 9.

Now U.S. Bank has filed a motion to dismiss Glenn's claim, pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. 13. U.S. Bank contends that Glenn's own submissions

indicate that she received approximately $5,000 in settlement proceeds—as opposed to $16 million—and that, as a result, her claim is not plausible. The allegations are internally inconsistent, and U.S. Bank contends that, as a result, they cannot state a claim upon which relief can be granted. Because Glenn has changed her story once again and has yet to submit documentary support for her claim, I will grant U.S. Bank's motion.

ANALYSIS

A motion to dismiss pursuant to Rule 12(b)(6) tests the complaint's legal sufficiency. To state a claim upon which relief can be granted, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.] . . . Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Twombly*, 550 U.S. at 555 (internal citations and quotation marks omitted).

U.S. Bank echoes concerns that I have raised in previous orders. Glenn's allegations appear to contradict settlement documents that she filed with the court that indicate that she received approximately $5,000—as opposed to $16 million—as a result of legal settlements. I granted Glenn leave to proceed after the *Spears* hearing in the hopes that she and U.S. Bank would clarify the record and the amount in controversy.

Now, in response to U.S. Bank's motion to dismiss, Glenn states that she is asking for only $15,214.15 in damages. Dkt. 17. She expressly states that she does not want the $64 billion or the $16 million that she has claimed in the past. *Id.* at 2. She concedes that, by her own new calculations, her claim is worth only $15,214.15. *Id.* ("[T]his is what I know from my bank statement all of my ending balance together, came out to be $15,214.15[.]"). Glenn has not submitted any documents or records to support her claim to $15,000.

Glenn's response is only the latest in a long line of ever-changing requests for relief. The record documents well my concerns with Glenn's allegations, particularly the sums of money that she has claimed are at issue. *See* Dkt. 4, at 4 ("But plaintiff's allegations fall short of plausible, especially in light of the fact that she has previously asked courts for fantastical amounts of money—millions (or even billions) of dollars in some instances—and plaintiff has submitted documents that indicate that the settlements she received were for much less."). I directed service of Glenn's complaint following the *Spears* hearing because she explained that she had additional settlement documents that could account for the $16 million she requested. Now, it turns out, Glenn needs to amend her story yet again: not only does she concede that her claim is not worth $16 million, but she offers a new, equally unsupported claim for $15,000 in its place, without submitting the documents she referenced at the *Spears* hearing or even explaining how or why she thinks she is owed $15,000. At this point, Glenn's claim—whether for $16 million or $15,000—is in direct, unresolved tension with the settlement documents in the record, and she has not alleged a plausible claim for relief. Glenn has not stated a claim upon which relief can be granted, and I will grant U.S. Bank's motion to dismiss.

ORDER

IT IS ORDERED that:

1. Defendant U.S. Bank's motion to dismiss, Dkt. 13, is GRANTED.

2. The clerk of court is directed to enter judgment for defendant and close the case.

Entered October 27, 2016.

                              BY THE COURT:

                              /s/

                              _____
                              JAMES D. PETERSON
                              District Judge