# Form 1. Notice of Appeal to a Court of Appeals From a Judgment or Order of a District Court

*United States District Court for the* Western
*District of* Wisconsin
*File Number* 3:16-CV-00403-jdp

| | |
|---|---|
| *Plaintiff* ) | |
| ) | |
| *v.* ) | *Notice of Appeal* |
| ) | |
| *Defendant* ) | |

2017 JUN -6 PM 4:14
PETER OPPENEER
CLERK US DIST COURT
WD OF WI
DOC NO
REC'D/FILED

Notice is hereby given that [__(here name all parties taking the appeal)__, (plaintiffs) (defendants) in the above named case,¹] hereby appeal to the United States Court of Appeals for the _____ Circuit (from the final judgment) (from an order (describing it)) entered in this action on the __06__ day of __06__, 20_17_.

(s) _Gwendolyn D Glenn_
Attorney for [_____]
[Address:_____]

(As amended Apr. 22, 1993, eff. Dec. 1, 1993; Mar. 27, 2003, eff. Dec. 1, 2003.)

¹ See Rule 3(c) for permissible ways of identifying appellants. (attached)
*See Circuit Rule 3(c)(1) for Docketing Statement (attached)

**RULE 3. Appeal as of Right--How Taken**

**(a) Filing the Notice of Appeal.**

(1) An appeal permitted by law as of right from a district court to a court of appeals may be taken only by filing a notice of appeal with the district clerk within the time allowed by Rule 4. At the time of filing, the appellant must furnish the clerk with enough copies of the notice to enable the clerk to comply with Rule 3(d).

(2) An appellant's failure to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for the court of appeals to act as it considers appropriate, including dismissing the appeal.

(3) An appeal from a judgment by a magistrate judge in a civil case is taken in the same way as an appeal from any other district court judgment.

(4) An appeal by permission under 28 U.S.C. § 1292(b) or an appeal in a bankruptcy case may be taken only in the manner prescribed by Rules 5 and 6, respectively.

**(b) Joint or Consolidated Appeals.**

(1) When two or more parties are entitled to appeal from a district court judgment or order, and their interests make joinder practicable, they may file a joint notice of appeal. They may then proceed on appeal as a single appellant.

(2) When the parties have filed separate timely notices of appeal, the appeals may be joined or consolidated by the court of appeals.

**(c) Contents of the Notice of Appeal.**

(1) The notice of appeal must:

(A) specify the party or parties taking the appeal by naming each one in the caption or body of the notice, but an attorney representing more than one party may describe those parties with such terms as "all plaintiffs," "the defendants," "the plaintiffs A, B, et al.," or "all defendants except X";

(B) designate the judgment, order, or part thereof being appealed; and

(C) name the court to which the appeal is taken.

(2) A pro se notice of appeal is considered filed on behalf of the signer and the signer's spouse and minor children (if they are parties), unless the notice clearly indicates otherwise.

(3) In a class action, whether or not the class has been certified, the notice of appeal is sufficient if it names one person qualified to bring the appeal as representative of the class.

(4) An appeal must not be dismissed for informality of form or title of the notice of appeal, or for failure to name a party whose intent to appeal is otherwise clear from the notice.

(5) Form 1 in the Appendix of Forms is a suggested form of a notice of appeal.

**(d) Serving the Notice of Appeal.**

(1) The district clerk must serve notice of the filing of a notice of appeal by mailing a copy to each party's counsel of record-excluding the appellant's or, if a party is proceeding pro se, to the party's last known address. When a defendant in a criminal case appeals, the clerk must also serve a copy of the notice of appeal on the defendant, either by personal service or by mail addressed to the defendant. The clerk must promptly send a copy of the notice of appeal and of the docket entries-and any later docket entries-to the clerk of the court of appeals named in the notice. The district clerk must note, on each copy, the date when the notice of appeal was filed.

(2) If an inmate confined in an institution files a notice of appeal in the manner provided by Rule 4(c), the district clerk must also note the date when the clerk docketed the notice.

(3) The district clerk's failure to serve notice does not affect the validity of the appeal. The clerk must note on the docket the names of the parties to whom the clerk mails copies, with the date of mailing. Service is sufficient despite the death of a party or the party's counsel.

**(e) Payment of Fees.** Upon filing a notice of appeal, the appellant must pay the district clerk all required fees. The district clerk receives the appellate docket fee on behalf of the court of appeals.

**CIRCUIT RULE 3. Notice of Appeal, Docketing Fee, Docketing Statement, and Designation of Counsel of Record**

(a) *Forwarding Copy of Notice of Appeal.* When the clerk of the district court sends to the clerk of this court a copy of the notice of appeal, the district court clerk shall include any docketing statement. In civil cases the clerk of the district court shall include the judgments or orders under review, any transcribed oral statement of reasons, opinion, memorandum of decision, findings of fact, and conclusions of law. The clerk of the district court shall also complete and include the Seventh Circuit Appeal Information Sheet in the form prescribed by this court.

(b) *Dismissal of Appeal for Failure to Pay Docketing Fee.* If a proceeding is docketed without prepayment of the docketing fee, the appellant shall pay the fee within 14 days after docketing. If the appellant fails to do so, the clerk is authorized to dismiss the appeal.

(c)(1) *Docketing Statement.* The appellant must serve on all parties a docketing statement and file it with the clerk of the district court at the time of the filing of the notice of appeal or with the clerk of this court within seven days of filing the notice of appeal. The docketing statement must comply with the requirements of Circuit Rule 28(a). If there have been prior or related appellate proceedings in the case, or if the party believes that the earlier appellate proceedings are sufficiently related to the new appeal, the statement must identify these proceedings by caption and number. The statement also must describe any prior litigation in the district court that, although not appealed, (a) arises out of the same criminal conviction, or (b) has been designated by the district court as satisfying the criteria of 28 U.S.C. §1915(g). If any of the parties to the litigation appears in an official capacity, the statement must identify the current occupant of the office. The docketing statement in a collateral attack on a criminal conviction must identify the prisoner's current place of confinement and its current warden; if the prisoner has been released, the statement must describe the nature of any ongoing custody (such as supervised release) and identify the custodian. If the docketing statement is not complete and correct, the appellee must provide a complete one to the court of appeals clerk within 14 days after the date of the filing of the appellant's docketing statement.

(2) Failure to file the docketing statement within 14 days of the filing of the notice of appeal will lead to the imposition of a $100 fine on counsel. Failure to file the statement within 28 days of the filing of the notice of appeal will be treated as abandonment of the appeal, and the appeal will be dismissed. When the appeal is docketed, the court will remind the litigants of these provisions.